UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of**<br>**Douglas R. Miller**<br>United States Magistrate Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>MDD_DRMChambers@mdd.uscourts.gov<br>(410) 962-7770 |

July 22, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dean C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-1446-DRM

Dear Counsel:

On May 17, 2024, Plaintiff Dean C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 9) and the parties' briefs (ECF Nos. 10, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on September 16, 2021, and a Title XVI application for Supplemental Security Income ("SSI") benefits on September 21, 2021, alleging a disability onset of March 14, 2021. Tr. 26, 275-303. Plaintiff's claims were denied initially and on reconsideration. Tr. 88-149. On November 28, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46-83. Following the hearing, on February 15, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 23-39. The Appeals Council denied Plaintiff's request for review, Tr. 7-13, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

---

[1] Plaintiff filed this case against Commissioner of Social Security on May 17, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Dean C. v. Bisignano*
Civil No. 24-1446-DRM
July 22, 2025
Page 2

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 14, 2021, the alleged onset date." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "disorders of the spine, arthropathies, depressive disorder, anxiety-related disorder and post-traumatic stress disorder." Tr. 29. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "history of left foot cartilage surgery, right cheek cyst removals and Hepatitis C." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant cannot crawl and climb ladders, ropes, and scaffolds, but he can perform other postural movements on an occasional basis. The claimant cannot work around vibrations and hazards such as moving dangerous machinery and unprotected heights. The claimant cannot work in brightly lit and noisy working conditions, but office level (or moderate level) noise and lighting are okay. The claimant is limited to simple, routine and repetitive tasks but can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and can deal with problems involving a few concrete variables in or from standardized situations consistent with work at SVP level 2. The claimant cannot do fast-paced tasks such as assembly line jobs involving production quotas, but he can work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict deadline. Also, the claimant is limited to occasional interaction with the public, co-workers and supervisors. The claimant can adapt to and manage a low stress work environment defined as one that requires only occasional decision making and occasional changes in the routine. The claimant is limited to frequent fingering, grasping, handling and reaching.

Tr. 30-31. The ALJ determined that Plaintiff was unable to perform past relevant work as a

carpenter (DOT[3] #860.381-022), structural welder (DOT #819.361-010), and rigger (DOT #921.260-010), but could perform other jobs that existed in significant numbers in the national economy. Tr. 37. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ improperly evaluated the opinions of consultative examiners Ms. Boyce, Certified Registered Nurse Practitioner ("CRNP") and Dr. Penuel, Doctor of Psychology ("Psy.D."), asserting that the ALJ failed to consider all relevant medical evidence. ECF No. 10, at 12-20; ECF No. 15, at 1-4. Defendant counters that substantial evidence supports the ALJ's evaluation of the persuasiveness of these medical opinions. ECF No. 14, at 7-15.

After careful review of the ALJ's decision, the Court finds that the ALJ failed to adequately consider substantial portions of the medical record, warranting remand. ALJs must consider all evidence in the record when making disability determinations. 20 C.F.R. § 416.920(a)(3); *see* 20 C.F.R. § 416.920b. While an ALJ need not specifically reference every piece of evidence in his decision, an ALJ's "bare recital that he considered the evidence" does not discharge his duty to base his decision on substantial evidence. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014); *Arnold v. Sec. of Health, Ed., and Welfare*, 567 F.2d 258, 260 (4th Cir. 1977) ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Dean C. v. Bisignano*
Civil No. 24-1446-DRM
July 22, 2025
Page 4

approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.") (internal citation omitted) (internal quotation marks omitted).[4] Thus, remand may be appropriate for an ALJ's "failure to acknowledge . . . a substantial portion of the record." *Hawkins v. Saul*, 796 F. App'x 159, 162 (4th Cir. 2019); *see Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).

Plaintiff alleges that the ALJ's failure to consider significant portions of relevant medical evidence rendered the ALJ's evaluation of Ms. Boyce's and Dr. Penuel's medical opinions improper.[5] ECF No. 10, at 13-20. Defendant counters that the ALJ supported their findings with substantial evidence and that the ALJ need not cite to every piece of medical evidence in their opinion. ECF No. 14, at 8 (citing *Reid*, 769 F.3d at 865).

In *Reid*, the plaintiff argued the ALJ erred because he did not consider medical records from 2004-06, during the plaintiff's alleged period of disability, and did not specifically mention objective findings supporting the plaintiff's claims. 769 F.3d at 865. The Fourth Circuit wrote that "[t]he Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and *absent evidence to the contrary*, we take her at her word." *Id.* (emphasis added). Additionally, the court pointed to specific instances in which the ALJ referenced the medical evidence from 2004-06, undercutting the plaintiff's argument that the ALJ failed to consider the entire record. *Id.* ("Indeed, Reid has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim.")

Here, unlike in *Reid*, the Court finds evidence contrary to the ALJ's assertion that they considered the whole record. The ALJ's evaluation of Ms. Boyce's opinion compels the inference that the ALJ did not consider Exhibits 10F and 12F. In finding Ms. Boyce's opinion "somewhat persuasive," the ALJ found "it was supported by the examination which found tenderness, reduced range of motion, and reduced strength in the lower extremity." Tr. 35. However, the ALJ observed the opinion to be "not fully consistent with the totality of the record which shows generally normal exam findings which does not support any need for use of an assistive device for long or short distances. Imaging of [Plaintiff's] hip is also noted to be normal and as such there is no indication that he would be a fall risk if limited to a reduced range of sedentary." *Id.*

---

[4] The plaintiff in *Arnold* appealed an ALJ's denial of benefits under the Black Lung Benefits Act, 30 U.S.C. § 912 *et seq.*. *Arnold*, 567 F.2d at 258. The Fourth Circuit, however, has applied *Arnold*'s substantial evidence rationales in cases arising from denials of Supplemental Security Income benefits. *See, e.g.*, *Fox v. Colvin*, 632 F. App'x 750, 754 (4th Cir. 2015); *see also, e.g.*, *Durham v. Apfel*, 225 F.3d 653 (4th Cir. 2000).

[5] Plaintiff cites multiple portions of the transcript that he believes the ALJ failed to properly evaluate, including portions of Exhibits 11F, 14F, 15F, 16F, 17F, 20F, and 21F. *See* ECF No. 10, at 15-20. However, careful review of the ALJ's decision reflects that, even if the ALJ did not cite to the exact page number the Plaintiff cites, the ALJ's citations to each of these exhibits supports that the ALJ at least considered these exhibits and the medical evidence therein. *See* Tr. 32-36.

Plaintiff points to evidence in Exhibits 10F and 12F that contradict the ALJ's inconsistency finding, including several examinations with Dr. Rankin for pain management. ECF No. 10 at 15 (citing Ex. 10F (Tr. 1353, 1374) and Ex 12F (Tr. 1429)). During these examinations, "Plaintiff endorsed moderate to severe pain in his mid-upper back and posterior neck that was aggravated by standing and sitting." *Id.* (citing Ex. 10F (Tr. 1353, 1363, 1374) and Ex. 12F (Tr. 1429)). Plaintiff "showed tenderness of the bilateral paracervicals, positive mid-cervical facet tenderness, and positive axial neck pain with cervical facet loading." *Id.* (citing Ex. 10F (Tr. 1355, 1366, 1376) and Ex. 12F (Tr. 1431)). Moreover, "Dr. Rankin diagnosed Plaintiff with cervical spondylosis, chronic pain syndrome, and cervicalgia." *Id.* (citing Ex. 10F (Tr. 1356, 1367, 1377) and Ex. 12F (Tr. 1432)). Plaintiff argues that this "evidence documents abnormalities in Plaintiff's upper back and neck which would affect his ability to reach frequently on a sustained basis." *Id.* Plaintiff argues that the ALJ's failure to consider this evidence was harmful because "[a]ll of the jobs at step five require frequent reaching." *Id.* at 16.

Moreover, the ALJ's evaluation of Dr. Penuel's opinion makes clear the ALJ did not consider Exhibits 4F and 5F. In finding Dr. Penuel's opinion "somewhat persuasive," the ALJ found the opinion to be "somewhat consistent with the updated record which shows that [Plaintiff] has mental health treatment and aggressive behavior as well as symptoms of PTSD and depression that would limit him to simple work and occasional interaction with others as well as work at a nonproduction rate pace." Tr. 35-36. However, the ALJ also found the opinion "not fully supported by the examination which notes [Plaintiff] had normal memory and ability to concentrate and was generally cooperative[,]" further noting that "there is no indication that [Plaintiff] could not have some interaction with the public nor that he would have marked limitation in dealing with routine stressors or changes as he is able to his own personal care, has worked for his grandfather, and has normal mental status examinations." Tr. 36.

Plaintiff points to evidence in Exhibits 4F and 5F that Plaintiff argues contradicts the ALJ's evaluation of Dr. Penuel's opinion, including evidence of Plaintiff's angry outbursts. ECF No. 10, at 17-18. For example, on April 5, 2020, Plaintiff screamed at his counselor; on April 6, 2020, Plaintiff "called 'extremely upset'"; on September 16, 2020, Plaintiff "called 'crying out of control and yelling'" and his ex-wife called the police; on October 8, 2020, Plaintiff "yelled during his last session"; on November 19, 2020, Plaintiff "stated that during court 'he couldn't keep it together'"; on February 25, 2021, Plaintiff "'began cursing and blaming treatment and others for all the wrong in his life' and left the session"; on April 22, 2021, Plaintiff "'continued to express anger using inappropriate and threatening language'"; on April 23, 2021, Plaintiff "'was unable to regulate his affective responses and was inappropriate'"; and on April 27, 2021, Plaintiff "'became irate during the conversation' and was 'difficult to redirect.'" *Id.* (citing Ex. 4F (Tr. 578, 580, 582, 595, 658) and Ex. 5F (Tr. 849, 869, 1143, 1164)). Plaintiff argues that this evidence is consistent with Dr. Penuel's findings, but not discussed by the ALJ, and asserts that "Dr. Penuel's opinion, if credited, would lead to a finding of disability." *Id.*, at 18-20.

The ALJ's decision makes clear that the ALJ neither cited to nor considered Exhibits 4F, 5F, 10F, and 12F. As Defendant points out, it is the Commissioner's, and not the Court's, duty to resolve conflicts in the evidence and review the record in its entirety. ECF No. 14, at 3. Here, the

*Dean C. v. Bisignano*
Civil No. 24-1446-DRM
July 22, 2025
Page 6

ALJ's failure to acknowledge (and reconcile) substantial portions of the medical record warrants remand. *Hawkins*, 796 F. App'x at 162; *see Larry W. v. Saul*, No. SAG-19-3089, 2020 WL 13605076, at *2-4 (D. Md. Nov. 16, 2020) (remanding where the ALJ failed to consider two exhibits and therefore did not reconcile the RFC determination with all the evidence in the record). In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge